**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

IN RE:

DEBORA A. TELLEZ,

       Debtor.

___

EVERETTE WEAVER,

       Appellant,

vs.                                                  Case No. 5:11-cv-404-Oc-37

DEBORA A. TELLEZ,

       Appellee.

___

## ORDER

This is a bankruptcy appeal. Appellant Everette Weaver (the "Creditor") seeks reversal of the Bankruptcy Court's determination that Appellee Debora A. Tellez (the "Debtor") is entitled to a discharge of her indebtedness, including allegedly unpaid rent and payment for damage to a house rented to the Debtor by the Creditor. This Court has jurisdiction over appeals from the final judgment, orders and decrees of the Bankruptcy Court pursuant to Title 28 U.S.C. § 158.[1]

When a district court is asked to review a bankruptcy appeal, it is not authorized to make independent factual findings, that is the function of the bankruptcy court. *Equitable Life Assurance Society v. Sublett (In re Sublett)*, 895 F.2d 1381, 1383-84 (11th Cir.1990). The Bankruptcy Court's findings of fact are reviewed under the clearly erroneous standard.

---

[1] The Court limits its review to the March 30, 2011 Order of the Bankruptcy Court, which is the order identified in Appellant's Notice of Appeal.

*Ed. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324 (11th Cir. 2007); Fed. R. Bankr. P. 8013. In addition, Rule 8013 of the Federal rules of Bankruptcy Procedure cautions that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." The Bankruptcy Court's legal conclusions are subject to *de novo* review. *Mosley*, 494 F.3d at 1324.

Appellant takes issue with the Bankruptcy Court's factual findings in support of its decision to allow the discharge of Appellant's claim. The Bankruptcy Court found that the Debtor did not make false representations to Appellant with the intent to deceive him. As such, the Bankruptcy Court rejected Appellant's contention that such debt should be exempted from discharge pursuant to Title 11 U.S.C. § 523(a)(2)(A). The Bankruptcy Court also found that no fiduciary relationship existed between Appellant and the Debtor, and that the Debtor did not engage in the fraudulent taking of property from Appellant. Thus, the Bankruptcy Court concluded that the debt claimed by Appellant should not be exempted from discharge pursuant to Title 11 U.S.C. § 523(a)(4).

Upon consideration, and having reviewed the entire record on appeal,[2] this Court is not left with a definite and firm conviction that a mistake has been made. Rather, the record in this case shows that the Bankruptcy Court was accommodating to both the Appellant and Debtor in this adversary proceeding, both of whom were able to present evidence and give testimony at trial. In its order, the Bankruptcy Court carefully and

---

[2] Appellant did not designate a transcript of the trial as part of the record on appeal, and no such transcript has been transmitted to this Court. Since Appellant bears the responsibility to prepare and transmit to this Court an adequate record of the proceedings in the Bankruptcy Court, *Burkhart v. FDIC (In re Burkhart)*, 84 B.R. 658, 660 (9th Cir. BAP 1988), Appellant has failed to show that the factual determinations of the Bankruptcy Court were clearly erroneous with regard to the conduct of the trial or accuracy of the Bankruptcy Court's summary of the evidence presented at trial.

comprehensively laid out the conflicting evidence and testimony presented at trial, discussed its credibility determinations, and offered cognizant and reasonable explanations for its findings of fact. Appellant disagrees with the factual findings of the Bankruptcy Court and its decision to credit Debtor's evidence over his own. However, "[w]here there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citations omitted).

Moreover, the Bankruptcy Court identified and applied the law applicable to exemptions from discharge under Section 523(a)(2)(A) and Section 523(a)(4). The Court finds no error in the Bankruptcy Court's summary of the applicable law, or its application of the law to the facts present in the adversarial proceeding brought by Appellant.

As such, this Court concludes that the Bankruptcy Court's March 30, 2011 Order is due to be affirmed in all respects.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on January 7, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

counsel of record